UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CAPITAL ACQUISITIONS AND MANAGEMENT CORP. | ) | Case No. 05-12554 |
| | ) | |
| Debtor. | ) | Hon. PAMELA S. HOLLIS |

## NOTICE OF MOTION

TO:   See Service List

PLEASE TAKE NOTICE that on Thursday, January 26, 2006 at 10:00 a.m., we shall appear before the Honorable Judge Pamela S. Hollis or any Judge presiding in her stead in courtroom 644 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, and present the **Receiver's Motion for Approval of Bidding Procedures for Sale of Debtor's Interest in Rainbow International Holdings L.L.C.**, a copy of which is attached.

Respectfully submitted,

**LEPETOMANE XII, INC.**

By:   //Melissa C. Brown//
One of their attorneys

Melissa C. Brown
SUGAR, FRIEDBERG & FELSENTHAL LLP
30 N. LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400
Atty. No. 6242587

74838-1

## CERTIFICATE OF SERVICE

I, Wendy S. Biggs, state under penalty of perjury as provided by 735 ILCS 7/1-109 that I caused a copy of the **Receiver's Motion for Approval of Bidding Procedures for Sale of Debtor's Interest in Rainbow International Holdings L.L.C.,** to be served via Facsimile to the number below and via U.S. Postal Service at 30 N. LaSalle, Chicago, Illinois on January 24, 2006 before 5:00 p.m. on the following individuals:

See Service List

Dated: January 24, 2006                //Wendy S. Biggs//

74838-1

**David A. O'Toole**
**Rozi Bhimani**
Federal Trade Commission
Assistant Regional Director
55 East Monroe Street
Suite 1860
Chicago, IL  60603

**John R. Landis**
**F. Alexis Tretter**
Foley & Lardner
321 North Clark Street
Suite 2800
Chicago, IL  60601

**William Gibbs Sullivan**
Martin, Brown & Sullivan, Ltd.
321 South Plymouth Court
10th Floor
Chicago, IL 60604

**Richard Mason & David Hartsell**
McGuireWoods LLP
77 W. Wacker Street
Suite 4100
Chicago, IL 60601

**Gregory J. Scandaglia**
Scandaglia & Ryan
55 East Monroe Street
Suite 3930
Chicago, IL  60603

**Harry O Boreth**
Glasser, Boreth, Ceasar & Kleppin
8751 W. Broward Boulevard
# 105
Plantation, FL  33324

**Dennis E. Quaid, Christina M. Berish &**
**Gary Eugene Green**
Fagel & Haber
55 E. Monroe St.
40th Floor
Chicago, IL  60603

**Richard C. Friedman**
United States Trustee
227 West Monroe Street
Suite 3350
Chicago, Illinois 60606

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| CAPITAL ACQUISITIONS | ) | Case No. 05-12554 |
| AND MANAGEMENT CORP. | ) | |
| | ) | |
| Debtor. | ) | Hon. PAMELA S. HOLLIS |
| | ) | |
| | ) | |

### RECEIVER'S MOTION FOR APPROVAL OF BIDDING PROCEDURES FOR SALE OF DEBTOR'S INTEREST IN RAINBOW INTERNATIONAL HOLDINGS L.L.C.

LePetomane XII, Inc., not individually but solely as the duly appointed Federal Equity Receiver (the "Receiver") of Capital Acquisitions & Management Corp. ("CAMCO" or "Debtor"), through its undersigned counsel, respectfully requests that this Court issue an order (i) approving the Bidding Procedures set forth below for sale of CAMCO's interest in Rainbow International Holdings L.L.C. ("Rainbow") as being fair and reasonable, and (ii) setting a hearing at which time and place the Debtor's interest in Rainbow will be offered for sale upon the approved Bidding Procedures and sold to the qualified bidder ("Bidder") who appears and presents the best and highest bid. In support of its Motion, the Receiver states as follows:

#### Background

1. This Motion is made pursuant to the authority granted the Receiver by this Court's Order of April 14, 2005, authorizing and directing the Receiver to continue the duties and powers enumerated under a Stipulated Preliminary Injunction entered by the District Court in Federal Trade Commission v. Capital Acquisitions & Management Corp., No. 04 C 7781 (N.D. Ill. filed Dec. 2, 2004).

2. Rainbow International Holdings L.L.C. ("Rainbow") is a closely held Florida limited liability company formed in July of 1999. CAMCO, a member of Rainbow, holds a twenty percent (20%) interest in Rainbow. Rainbow has yet to generate a profit.

3. CAMCO's interest in Rainbow is subject to the terms of an Operating Agreement that contains provisions controlling the transfer of members' interest in the company. A copy of the Operating Agreement is attached hereto as Exhibit A. See Ex. A at 13-16. Among those provisions are rights reserved to the Current Members, including the option to purchase a selling member's shares: "In the event a Member for any reason elects to sell his Interest in the Company or any portion thereof (the "Selling Member") to a third party," . . . "the Company and the Remaining Members shall have the option to purchase the interest of the Selling Member." Id. at § 11.1. Further, if a member's interests are subject to a court sale, the Operating Agreement provides that "the Remaining Members shall purchase the interest of such Transferor Member . . . ." Id. (emphasis added).

4. In addition to CAMCO, four other parties (the "Current Members") hold interests in Rainbow. In telephone conversations and correspondence to the Receiver, the Current Members have indicated that they oppose conveyance of CAMCO's interest in Rainbow to anyone other than one or more Current Members or to the corporation itself and that they will seek to enforce the provisions of the Operating Agreement cited in Paragraph 3, above.

### Offers to Purchase Debtor's Shares of Rainbow

5. In January of 2005, the Receiver received an oral and written offer of $20,000.00 for CAMCO's interest in Rainbow from one of the Current Members.

6. On August 22, 2005, the Receiver received a written offer from Roy G. Welland ("Welland") proposing to purchase CAMCO's shares in Rainbow for $30,000.00.

7. On September 19, 2005, the Receiver received a written offer from counsel for the remaining four Current Members, who collectively offered $35,000.00 for CAMCO's interest in Rainbow.

8. On receipt of the $35,000.00 offer, the Receiver notified Welland by letter dated September 19, 2005, that a written offer exceeding Welland's offer was in hand. The Receiver requested that, if Welland would like to improve his offer, he do so by September 29. Welland did not respond to the Receiver's correspondence.

9. Accordingly, on December 15, 2005, the Receiver filed its December 15 Motion requesting approval of the sale of CAMCO's interests in Rainbow to the Current Members for the sum of $35,000.00. The Receiver provided mailed notice, with a copy of its motion requesting approval for the sale, to all known creditors, parties in interest in the matter before this Court as well as the District Court case, and the U.S. Trustee that a hearing on the Motion to convey the Rainbow shares for $35,000.00 would be held in this Court on January 10, 2006.

10. No objection to sale of the interest for $35,000.00 was raised. However, a counter-proposal was submitted to this Court on January 9, 2006.

11. The counterproposal, filed Roy G. Welland's Response to Motion for Approval of Sale and Statement for the Purchase of the Debtor's Interest in Rainbow International Holdings L.L.C., extended an "Upset Offer" of $40,000.00 for CAMCO's interest in Rainbow, subject to certain conditions.

12. Accordingly, in order to provide the opportunity for interested parties to submit better or higher offers for CAMCO's interest in Rainbow, the Receiver now seeks to sell the Debtor's interest in Rainbow by means of an auction to be conducted in Open Court, at which time the Court shall designate the winning bid and immediately authorize and direct sale to the winning bidder.

## Proposed Bidding Procedures

13. The Receiver proposes the following Bidding Procedures (collectively, the "Bidding Procedures").

    a.    CAMCO's shares in Rainbow (the "Rainbow Shares") shall be sold at an auction conducted by this Court.

    b.    Only qualified bidders will be permitted to bid. Those who wish to qualify as bidders must bring to the auction (i) a certified check in the amount of $35,000.00 made payable to the Receiver, and (ii) evidence in the form of a commitment letter or other documentation satisfactory to the Receiver of the bidder's ability to close the sale no later than three days after this Court's designation of the highest and best bid. **Bidders who wish to qualify to bid must indicate in writing that they acknowledge familiarity with all of the terms of the Operating Agreement attached hereto as Exhibit A and accept the Terms and Conditions of Sale attached hereto as Exhibit B.**

    c.    Bidders must appear personally or by authorized representative in Open Court on the auction date set by this Court.

    d.    Bids made in Open Court shall be irrevocable for three days after the auction to be conducted by this Court or until closing of the sale pursuant to this Court's approval of a winning bid, whichever comes first.

    e.    Bids in excess of $35,000.00 must be made in increments of at least $1,000.00 and must be made without contingencies of any nature whatsoever.

    f.    The successful bidder must deposit with the Receiver $35,000.00 as described in subparagraph (c) above in court at the conclusion of the auction. These funds shall be held as a deposit by the Receiver and credited to the court-approved purchase amount of the shares at closing. If the successful bidder is unable to close within three days of the date of the auction, the bidder shall be in default and the Receiver will be entitled to retain the deposit.

    g.    Notice of the proposed sale, which was served on all known creditors, parties in interest, and the U.S. Trustee informing them that a hearing on the Receiver's Motion to convey the Rainbow shares for $35,000.00 would be held in this Court on January 10, 2006, shall be deemed sufficient notice of the Receiver's intent to sell the Rainbow Shares. Notice of these Bidding Procedures shall be sent to parties to this proceeding, to the U.S. Trustee, and to parties who have expressed interest in bidding for the Rainbow Shares.

## Argument

14. The Receiver believes that sale of CAMCO's interest in Rainbow is in the best interests of the estate and that the Bidding Procedures described above are fair and reasonable and will allow competitive bidding to generate the best price obtainable for this asset. Accordingly, the Receiver requests that this Court find that no further notice of the sale of the Rainbow Shares is required and further (i) approve the above-outlined Bidding Procedures as providing a full, fair, and reasonable opportunity for qualified bidders to bid for CAMCO's interest in Rainbow, and (ii) set a date upon which this Court will conduct an auction of the Debtor's interest in Rainbow and authorize transfer of ownership of the interest pursuant to 11 U.S.C. §363(b) to the party presenting the best and highest bid in open court.

### A.   This Court Should Find Sale of the Shares to Be in the Best Interests of the Estate and Authorize Such Sale Pursuant to 11 U.S.C. §363

15. CAMCO's interest in Rainbow is highly illiquid, since Rainbow is a small, closely held corporation, its shares are not registered or publicly traded, and it has never shown a profit. The Receiver has determined that liquidation of this asset in the manner described herein is in the best interests of the estate and that the Bidding Procedures described herein will produce the best price obtainable. In re Schipper, 933 F.2d 513, 517 (7th Cir. 1991) (court should consider best interests of the estate in evaluating proposed disposition of assets).

16. Section 363 (b)(1) of the Bankruptcy Code requires that, where property is to be sold outside the ordinary course of business, notice and an opportunity to object at a hearing must be provided to parties in interest. Such notice was provided by the Receiver's Notice of Motion and Motion for Approval of Sale of Receivership Defendant CAMCO's Interest in Rainbow International Holdings LLC, filed with this Court and mailed to parties and known creditors (a mailing list of several hundred names and addresses) on December 15, 2005. Opportunity to be heard was provided at the January 10, 2006 hearing on that Motion.

17. No objection has been raised to the sale of CAMCO's interest in Rainbow, as noted above, and by submitting his Upset Bid seeking to acquire the Rainbow shares, Welland has assented to the sale of CAMCO's interest therein.

18. The negotiations and sale procedures have been in good faith and at arm's-length, entitling a finding under Section 353(m) of the Code.

19. Accordingly, the Receiver asks this Court to find that the sale of CAMCO's interest in Rainbow is in the best interests of the estate.

### B. The Bidding Procedures Proposed Herein Provide a Full, Fair, and Reasonable Opportunity for Competitive Bidding, and No Further Notice is Required

20. As noted above, all known creditors were served with notice of the Receiver's intent to sell the Rainbow Shares subject to this Court's approval for $35,000.00. No objection was raised, nor were any bids other than the Welland bid submitted. Given the illiquidity of this asset and the stated intention of the Current Members of Rainbow to oppose sale to any party other than one or more Current Members or to Rainbow itself, the Receiver believes that serving additional notice to creditors would be futile and would constitute an unnecessary expense to the estate..

21. Because the Receiver has received a series of competing bids from Welland and the Current Members of Rainbow, however, the Receiver believes that an auction conducted by this Court will provide a forum in which the best and highest possible price for this asset will be realized, while providing interested parties an ample and public opportunity to bid.

22. The Receiver further believes that the Court's determination of the best and highest bid, followed by its immediate authorization to complete the transfer of ownership to the winning bidder, will provide much-needed finality.

### C. This Court Should Authorize Sale of the Shares Free of All Liens, Claims, Interests, and Encumbrances

23. Ample notice of the Receiver's intention to sell CAMCO's interest in the Rainbow Shares was provided to creditors, parties, and the U.S. Trustee through service of the Receiver's December 15 Motion, as stated above.

24. Section 363(f) of the Bankruptcy Code provides that estate property may be sold under subsection (b) "free and clear of any interest in such property of an entity other than the estate, only if . . . (2) such entity consents . . . ."

25. Any creditor who may have asserted a lien in this asset has consented to the sale free and clear of liens for purposes of §363(f) by failing to object prior to or at the January 10, 2006 hearing on the December 15 Motion. Futuresource LLC v. Reuters, Ltd., 312 F.3d 281, 285 (7th Cir. 2002).

26. Accordingly, this Court may order sale of the asset free and clear of the liens and security interests of all parties who have a valid, perfected security interest in the proceeds of sale and of any claims against the Receivership Estate asserted by the Federal Trade Commission in Federal Trade Commission v. Capital Acquisitions & Management Corp. et al., No. 04 C 7781.

WHEREFORE, the Receiver respectfully moves this Court for a finding that sale of the Rainbow Shares is in the best interests of the estate and no further notice of sale is required, and requests entry of an Order (i) approving the Bidding Procedures described herein as providing a full, fair, and reasonable opportunity for any qualified bidder to make a higher and better offer for CAMCO's interest in Rainbow, and (ii) setting a date upon which this Court will conduct an auction of the Debtor's interest in Rainbow and, upon determining the best and highest bid, authorize and direct the transfer of ownership of the interest pursuant to 11 U.S.C. §363(b) to the party presenting the winning bid in Open Court.

Dated: January 24, 2006

Respectfully Submitted,

LEPETOMANE XII, INC., Not Individually But Solely as the Duly Appointed Receiver

By: //Melissa C. Brown//
One of Its Attorneys

Melissa C. Brown (ID#6242587)
Sugar, Friedberg & Felsenthal LLP
30 N. LaSalle Street
Suite 3000
Chicago IL 60602