**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| CAPTIAL ACQUISITIONS AND | ) | |
| MANAGEMENT CORP., | ) | Bankruptcy No. 05 B 12554 |
| | ) | |
| Debtor. | ) | Hon. Judge Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date and Time:** |
| | | **January 31, 2006 at 10:30 a.m.** |

**OBJECTION OF RAINBOW INTERNATIONAL HOLDINGS, L.L.C. TO RECEIVER'S MOTION FOR APPROVAL OF SALE OF DEBTOR'S INTEREST IN RAINBOW INTERNATIONAL HOLDINGS, L.L.C.**

Rainbow International Holdings, L.L.C., a Florida limited liability company ("Rainbow") by and through its undersigned counsel, makes the following objection to the Motion for Approval of Sale of Debtor's Interest in Rainbow (hereafter the "Motion"). In support of its objection, Rainbow states as follows:

**Background**

1. On April 4, 2005, several creditors of Capital Acquisitions and Management Corp. ("CAMCO") filed an involuntary petition for relief against CAMCO under Chapter 11 of the Bankruptcy Code. An order for relief was entered by this Court. The Court entered an order authorizing and directing the previously appointed Receiver to continue the duties and powers as provided by the Stipulated Preliminary Injunction imposed by the District Court in Federal Trade Commission v. Capital Acquisitions & Management Corp., Case No. 04 C 7781.[1]

---

[1] The Federal Trade Commission ("FTC") initiated its lawsuit against CAMCO and other Receivership Defendants on December 2, 2004. On December 3, the District Court issued a Temporary Restraining Order ("TRO")

2. Among the assets to be liquidated for the benefit of the CAMCO estate is CAMCO's interest in Rainbow, a Florida limited liability company formed in July of 1999. CAMCO is a member of Rainbow and holds a twenty percent interest in Rainbow.

3. CAMCO's interest in Rainbow is subject to the terms of an Operating Agreement (the "Operating Agreement"), a copy of which is attached as <u>Exhibit A</u>.

4. The Operating Agreement provides that when a member's interest is being sold, by way of bankruptcy sale or otherwise, the remaining members "shall" purchase this interest pursuant to certain appraisal/valuation requirements. Operating Agreement, §§ 11.1, 11.3. Rainbow did attempt to purchase Camco's interest by offering $20,000 to the Receiver in January, 2005.

5. In the event a sale is not consummated in this manner, and the selling member's interest is being sold to a third-party, the Company and the remaining members retain a right of first refusal on this sale. Section 11.1 of the Operating Agreement states in pertinent part:

> In the event a member for any reason elects to sell his Interest in the Company or any portion thereof (the "Selling Member") to a third party, the Selling Member shall give Notice of Intent to Transfer, which Notice, pursuant to this Section 11.1 hereof, shall set forth the name of the third party which is the potential purchaser of the Interest, together with the price, terms and closing date for said sale. <u>In such event, the Company and the Remaining Members shall have the option to purchase the Interest of the Selling Member.</u> [emphasis added]

---

appointing LePetomane XII, Inc., not individually but solely in its representative capacity (the "Receiver"), Temporary Equity Receiver of the assets and operations of CAMCO, R.M. Financial Services, Inc. and Capital Properties Holdings, Inc. The Receiver took possession of the Receivership Defendants' assets and operations on December 6, 2004.

- 2 -

6. If Rainbow does not exercise its option within thirty days of receipt of the Notice of Intent to Transfer, then this right of first refusal shifts to the Remaining Members who can purchase a proportionate amount of this interest. . Operating Agreement, §§ 11.2.3 - 11.2.4,

7. The Receiver received another offer in August 2005 from third-party Roy G. Welland ("Welland") who offered $30,000 for the CAMCO interest. Welland is a creditor of Camco. Rainbow made a second written offer to the Receiver of $35,000 for the interest of CAMCO on September 19, 2005.

8. The Receiver notified Welland that he must communicate his intentions no later than the close of business on September 26, 2005 if he wanted to improve his offer for the CAMCO interest in Rainbow. No response was received from Welland.

9. On December 15, 2005, the Receiver filed a Motion for Approval of Sale, which sought approval of the sale of CAMCO's equity interest in Rainbow to Rainbow for $35,000.

10. Welland, filed an 11th hour Response to the Receiver's Motion for Approval of the Sale and offered to make an "Upset Offer to Purchase" in the amount of $40,000 ("Upset Offer"). In addition to the Upset Offer, Mr. Welland conditioned his offer on the following:

a) Welland will pay the purchase price of $40,000.00 in cash to the Receiver on behalf of the Estate of CAMCO;

b) The Receiver, on behalf of CAMCO as Debtor in Possession, will transfer CAMCO's entire equity interest in Rainbow to Welland free and clear of any and all liens, interests and encumbrances pursuant to Section 363(f) of the Bankruptcy Code; and

c) The Receiver will reject all executory contracts or provisions of executory contracts relating to CAMCO's interest in Rainbow.

### **Rainbow's Objection to Sale**

11. Rainbow objects to the bidding procedures proposed by the Receiver for the following reasons:

a) The Right of First Refusal belongs first to Rainbow and then to its remaining members under the terms of the Operating Agreement. Until such option is given, Welland is not an eligible bidder.

b) Mr. Welland previously lost his ability to bid by not responding to the Receiver's notice that he must counter bid by September 26, 2005.

c) Welland's offer, even if timely and eligible, improperly seeks to alter the interest in Rainbow held by CAMCO under the terms of the Operating Agreement.

**Right of First Refusal**

12. CAMCO's interest in Rainbow is subject to the terms of an Operating Agreement that contains provisions controlling the transfer of the members' interest in Rainbow. Among those provisions are rights reserved to the current members, including the option to purchase a selling member's shares. The Operating Agreement states that "[In] the event a Member, for any reason, elects to sell his Interest in the Company or any portion thereof (the "Selling Member") to a third party, … The Company and the Remaining Members shall have the option to purchase the interest of the Selling Member." See §11.1 of the Operating Agreement.

13. CAMCO is bound by the Operating Agreement as are all of the other members. CAMCO's Receiver stands in the shoes of CAMCO and thus must also abide by the terms of the Operating Agreement. CAMCO's interest in Rainbow is a property interest of the bankruptcy estates. 11 U.S.C. § 541. Rainbow is not property of the bankruptcy estate and this Court does not have jurisdiction over property that does not belong to this estate.

14. Although courts have found that *ipso facto* clauses restricting the transfer of property may not be enforceable, that is not the issue in this case. In this case, the question is

what property interest is held by the Receiver/Debtor in Possession who holds Camco's interest in Rainbow and now seeks to sell this membership interest to a third party. Under the terms of the Rainbow Operating Agreement, the membership interest is limited by the provisions of the Operating Agreement.

15. In a similar case, the District of Delaware held that a provision granting the remaining members the right of first refusal upon the proposed assignment of a departing member's bare economic interest was not an *ipso facto* clause and was therefore enforceable. *Northrop Grumman Technical Services, Inc. v. The Shaw Group., et al. (In re The IT Group, Inc., Co.)*, 302 B.R. 483 (D.Del. 2003). Enforcing the right of first refusal did not hamper the ability of the debtor to realize the full value of the debtor's interest in the property. *Id.* at 488.

16. Enforcing the right of first refusal in this case will not foreclose this estate from receiving full value for the CAMCO interest, as the difference to CAMCO's creditors between $35,000 and $40,000 will be negligible.

17. The right of first refusal should be upheld and the sale to Rainbow should proceed.

**Mr. Welland Lost Any Right To Bid**

18. Even if this Court finds that the right of first refusal is unenforceable, Mr. Welland is not a proper bidder.

19. The Receiver previously notified Mr. Welland that he must respond if he wanted to participate in the bidding process on or before September 26, 2005. Mr. Welland did not respond and it is now inequitable for this Court to allow him to participate in the bidding.

**Even if Mr. Welland is Deemed an Eligible Bidder, He May Not Alter the Terms of The Rainbow Operating Agreement.**

20. Mr. Welland attempts in his Upset Offer to alter the terms of the Operating Agreement. Specifically, he seeks an Order from this Court rejecting "all executory contracts or provisions of executory contracts relating to CAMCO's interest in Rainbow."

21. Under the Operating Agreement, any successor to CAMCO's interest is subject to certain obligations going forward and these obligations may be considered executory contracts. Any party succeeding to CAMCO's interest is subject to the terms and conditions of the Operating Agreement. See Section 11.5 of the Operating Agreement.

22. The only property in which CAMCO holds an interest and therefore which belongs to the CAMCO estate is the membership interest in Rainbow. Rainbow's property is not subject to this Court's jurisdiction and this Court should not enter any Order altering the terms and conditions of the Operating Agreement including, without limitation, any claim by Welland that he is not bound by the terms of the Operating Agreement if he attempts to later sell his interest in Rainbow.

23. Rainbow respectfully objects to the sale of CAMCO's interest in Rainbow to any individual or entity, other than Rainbow or the Current Members.

WHEREFORE, Rainbow International Holdings, LLC respectfully requests that this Court enter The Receiver's Motion to sell CAMCO's Interest in Rainbow International Holdings, LLC, deny the Receiver's Motion for Approval of Bidding Procedures and for all other relief as is just.

- 7 -

        Respectfully submitted,
        RAINBOW INTERNATIONAL HOLDINGS,
        L.L.C., a Florida limited liability company

        By: _____/s/ Deborah L. Thorne_____
            Deborah L. Thorne

Deborah L. Thorne (ARDC 6186482)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone:    (312) 357-1313
Facsimile:     (312) 759-5646
e-mail: dthorne@btlaw.com

CHDS01 KCD 315774v1